Bradford Arthur, pro se.

James J. O'Connell, Philadelphia, Pa., Special Master.

Edward A. Rudley, Philadelphia, Pa., for Bradford Arthur.

## In the Matter of Bradford ARTHUR.

### Misc. No. 81–002M.

United States Bankruptcy Court, E. D. Pennsylvania.

March 25, 1982.

## OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

This case reaches the Court on a motion for extension of time to perfect an appeal *nunc pro tunc* and for a stay pending disposition of the appeal. After hearing duly held and consideration of the briefs submitted by counsel, the Court finds that an extension of the appeal period should not be granted and that a stay should not be imposed.[1]

On November 24, 1981, this Court filed an Opinion finding Bradford Arthur to be engaged in the unauthorized practice of law.[2] An Order was entered on this date enjoining him from such practice and directing him to turn over all records pertaining to his practice to a Special Master to be appointed by the Court. Mr. Arthur was further directed to turn over all funds received from his unauthorized practice to the Special Master.

James J. O'Connell, Esquire, was appointed the Special Master by Order dated De-

---

1. This Opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

2. *In the Matter of Arthur*, 15 B.R. 541, 8 B.C.D. 459 (Bkrtcy.E.D.Pa.1981).

cember 7, 1981. He was directed to investigate the unauthorized practice by Mr. Arthur, obtain all records relating to such practice, obtain an accounting of funds received by Mr. Arthur and obtain return of such funds.

Bradford Arthur filed a *pro se* appeal on December 14, 1981. Mr. Arthur later engaged counsel, Edward Rudley, Esquire, who filed a motion for a stay pending appeal and a motion for extension of time to file an appeal *nunc pro tunc*. Hearing on these motions was held on January 20, 1982. The Special Master appeared and argued against the motions.

Appeals from Orders of the Bankruptcy Court are subject to the provisions of the Bankruptcy Rules.[3] Under Rule 802, a notice of appeal must be filed within ten (10) days of the entry of the order.[4] The ten-day period can be extended for twenty (20) additional days by filing a timely application for extension of time.[5] The application must be filed within the ten-day period unless excusable neglect can be shown.[6]

Petitioner alleges that his delay in filing the appeal was a result of excusable neglect. The appeal was filed ten (10) days late. Mr. Arthur alleges that he was unable to engage the services of counsel until well after the expiration of the ten-day appeal period. The Court finds that these particular circumstances do not constitute excusable neglect. The Court entered the Order on November 24, 1981. Both the Opinion and Order were promptly mailed to Mr. Arthur and to Mr. Arthur's counsel of record. The onus was upon the petitioner to obtain counsel to perfect his appeal or take whatever other steps as were deemed necessary. Furthermore, Mr. Arthur has claimed to be knowledgeable in bankruptcy law and procedure.[7] He cannot now seek the benefit of ignorance. Delay in obtaining counsel cannot be deemed excusable neglect in this case. To rule otherwise would mean that appeals could be filed out of time and there would never be any finality to litigation. Therefore, the Court finds that the appeal was not brought properly, and the Order is a final Order pursuant to Rule 803.

Without a properly perfected appeal, the Court has no basis to grant a stay pending appeal. The reasoning and analysis, which the Court set forth in the Opinion filed on November 24, 1981, have not altered with the passage of these few months. There is no need for the Court to reiterate the concerns which moved the Court to issue that Opinion.

The record in this case does not reflect a scintilla of evidence of compliance by Bradford Arthur with the Order of this Court entered on November 24, 1981. There is no showing that Mr. Arthur has begun compliance by submitting his records and an accounting of his unauthorized practice of law to the Special Master. Without the obedience of Mr. Arthur, the Special Master would be unable to fulfill his function and commence his investigation.

The Court will enter an Order directing Mr. Arthur to comply with the mandate of this Court. This Order will enumerate specific directions for Mr. Arthur to follow. If the Order is not obeyed, the Special Master shall file a motion with the Court requesting sanctions for contempt of Court, and the Court will re-convene to consider such sanctions as may be appropriate.

The Court will not countenance disobedience of any Order of the Court. All Orders and Judgments of Courts must be promptly complied with by the persons to whom they are directed. *Maness v. Meyers*, 419 U.S. 449, 95 S.Ct. 584, 42 L.Ed.2d 574 (1975); *United States v. Stine*, 646 F.2d 839 (3rd Cir. 1981). Defiance of a Court Order prior to a judicial determination of its invalidity will constitute civil contempt. *Stine, supra.*

---

3. Bankruptcy Rules 801 *et seq.*

4. Rule 802(a).

5. Rule 802(c).

6. *Id.*

7. See the Opinion of this Court, cited in note 2, for a more complete explanation of the facts in this case.